PUBLIC EMPLOYEES RETIREMENT A retirant under the Oklahoma Public Employees Retirement System who is elected to a district or associate district judgeship would not cause the Judicial Department to be required to contribute to the Oklahoma Public Employees Retirement System, as provided by 74 O.S. 914 [74-914](4) (1974). The Attorney General is in receipt of your letter, wherein you ask the following question: "When a retired state employee, who is a member of and drawing benefits from the Public Employees Retirement System, is. elected as a district or associate district judge, is the Judicial Department required, under the terms of 74 O.S. 914 [74-914](4) (1974), to contribute on behalf of such judge to the Public Employees Retirement System? Title 74 O.S. 914 [74-914](4) (1974) states as follows (note that Attorney General Opinion 74-234 held that Senate Bill 635, Chapter 139, Section 1, is the governing amendment to Section 914): "(4) If a retirant should be elected or appointed to any position or office for which compensation for service is paid from levies or taxes imposed by the State of Oklahoma or any political subdivision thereof, he shall not receive any retirement benefit for any month for which he serves in such position or office after he has received compensation in an amount in excess of Two Thousand Four Hundred Dollars ($2,400.00) in any calendar year; provided, this subsection shall not apply to service rendered by a retirant as a juror, as a witness in any legal proceeding or action, as an election board judge or clerk, or in any other office or position of a similar nature, or as an officer, employee or appointee of the Legislature. Provided, further, that any participating employer who is employing such a retirant shall make proper written notification to the Oklahoma Public Employees Retirement System informing it of the beginning date of such retirant's employment and the date such retirant reaches the maximum compensation of Two Thousand Four Hundred Dollars ($2,400.00) in the calendar year; and provided, also, that any retirant returning to work for a participating employer shall make contributions to the Oklahoma Public Employees Retirement System and the employer shall do likewise. This additional service shall not be credited toward any future retirement benefits of the retirant except for those retirants who are elected to public offices." (Emphasis added) It should be noted that the first part of the above-quoted section says, in essence, that a retirant under the State Employees Retirement System who is elected or appointed to any position or office for which "compensation for service is paid from levies or taxes imposed by the State of Oklahoma" shall not receive any retirement benefit for any month for which he serves in such position or office after he has received compensation in the amount of Two Thousand Four Hundred Dollars ($2,400.00) in any calendar year. Clearly, a retirant under the system who is elected to judicial office in the State of Oklahoma would be subject to said provision; however, Section 74 O.S. 914 [74-914](4) further provides that where such employment is by a "participating employer" notice is required to the Oklahoma Public Employees Retirement System informing it of the beginning date of the employment and the date on which the retirant would receive the maximum compensation of twenty-four hundred dollars, and further providing that any retirant returning to work for a "participating employer" shall make contributions to the Oklahoma Public Employees Retirement System and the employer must contribute also. Upon election to a judicial office, one must join the judicial retirement system as set forth in 20 O.S. 1101 [20-1101] (1971), et seq., as amended, such participation being mandatory. See former Attorney General's Opinion No. 74-120. Such an elected judicial officer is, therefore, eligible for and must join and contribute to a retirement system authorized by the laws of the State of Oklahoma. Title 74 O.S. 902 [74-902](14), as last amended by House Bill 1299, 1975 Session Laws, Chapter 267, Section 2, provides in part, as follows: "(14) 'Eligible employer, ' the State of Oklahoma and any county, county hospital, city or town, and any public or private trust in which a city or town participates and is the primary beneficiary is to be an eligible employer for the purpose of this act only, whose employees are covered by Social Security and are not covered by or eligible for another retirement plan authorized under the laws of the State of Oklahoma, which is in operation on the initial entry date. . . ." (Emphasis added) Thus, an elected judicial officer would have available another state retirement plan authorized by the laws of the State of Oklahoma by being elected to such an office. Further, 20 O.S. 1102 [20-1102] (1971) provides in part, as follows: ". . . No justice or judge of the above-mentioned courts shall be eligible to enter the Oklahoma Public Employees Retirement System after January 13, 1969. . . ." Therefore, the Judicial Department would not be a "participating employer" as contemplated by the laws of the State of Oklahoma, and an elected judicial officer would be ineligible to join the Oklahoma Public Employees Retirement System by reason of Section 1102 above-quoted. See, in the same respect, Attorney General Opinion No. 68-360. The Judicial Department would then not be required to contribute toward the Oklahoma Public Employees Retirement System, pursuant to 74 O.S. 914 [74-914](4) (1974). It is, therefore, the opinion of the Attorney General that your question be answered in the negative, in that a retirant under the Oklahoma Public Employees Retirement System who is elected to a district or associate district judgeship would not cause the Judicial Department to be required to contribute to the Oklahoma Public Employees Retirement System, as provided by 74 O.S. 914 [74-914](4) (1974). (James H. Gray)